IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MORGAN STANLEY SMITH
BARNEY LLC,

        Plaintiff,

v.

DAVID JAMES SAYLER,

        Defendant.

Civ. No. 1:19-cv-1067-AA

**ORDER**

AIKEN, District Judge.

This matter comes before me on Plaintiff Morgan Stanley Smith Barney LLC ("Morgan Stanley")'s Motion for Temporary Restraining Order ("TRO"), filed July 9, 2019. ECF No. 2. For the reasons set forth below, Plaintiff's Motion is GRANTED.

## LEGAL STANDARDS

In deciding whether to grant a motion for a temporary restraining order, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy to may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show

that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) an injunction is in the public interest. *Id.* at 20.

The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132. Thus, a preliminary injunction may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012) (citing *Cottrell*).

## DISCUSSION

Having reviewed and considered the Complaint, Motion for TRO, and the supporting documents, I find that Morgan Stanley has shown at least serious questions going to the merits of its claims. Morgan Stanley has also demonstrated a likelihood of irreparable injury stemming from the threatened loss of customer goodwill and client relationships. On this record, the balance of equities favors an injunction. The public interest does not strongly favor either side. On this record, I conclude that a temporary restraining order is necessary to prevent the irreparable injury alleged in the Complaint, the Motion, and the supporting declarations and exhibits.

Accordingly, Morgan Stanley's Motion for a TRO, ECF No. 2, is GRANTED on the following terms:

From the date and time of this order, pending further order of this court or of a panel of duly appointed arbitrators before FINRA Dispute Resolution:

(1) Defendant David James Sayler ("Sayler") is directed, along with his agents, employees, and representatives and all those in active concert or participation with any of them, to turn over to Morgan Stanley within 24 hours any and all documents and computerized materials removed at any time from Morgan Stanley, whether in physical or electronic format, including without limitation all copies and/or extracts thereof (the "Confidential Information") and is further directed, again along with his agents, employees, and representatives, not to retain any copies thereof, and to permanently remove any and all such information (including data contained on computer software, computer hard drives, and/or personal digital assistants) from their possession and custody, except that Sayler's attorneys shall retain a copy of any such information for litigation purposes only;

(2) Sayler is enjoined, along with his agents, employees, and representatives and all those in active concert or participation with any of them, from (a) using the Confidential Information in any way, including to solicit Morgan Stanley customers; (b) disclosing the Confidential Information to anyone other than Sayler's attorneys; and (c) directly or indirectly soliciting any customer subject to the agreements attached as Exhibits B and C to the Complaint;

(3) Notwithstanding the foregoing, nothing contained in this Order shall prohibit Sayler from (a) returning phone calls to, responding to emails from, or attending meetings requested by Morgan Stanley customers who initiate contact with Sayler; or (b) processing account transfer requests from Morgan Stanley customers or doing business with Morgan Stanley customers after their accounts transfer. Sayler shall keep a contemporaneous log of inquiries from Morgan Stanley customers to which he is

(1) Defendant David James Sayler ("Sayler") is directed, along with his agents, employees, and representatives and all those in active concert or participation with any of them, to turn over to Morgan Stanley within 24 hours any and all documents and computerized materials removed at any time from Morgan Stanley, whether in physical or electronic format, including without limitation all copies and/or extracts thereof (the "Confidential Information") and is further directed, again along with his agents, employees, and representatives, not to retain any copies thereof, and to permanently remove any and all such information (including data contained on computer software, computer hard drives, and/or personal digital assistants) from their possession and custody, except that Sayler's attorneys shall retain a copy of any such information for litigation purposes only;

(2) Sayler is enjoined, along with his agents, employees, and representatives and all those in active concert or participation with any of them, from (a) using the Confidential Information in any way, including to solicit Morgan Stanley customers; (b) disclosing the Confidential Information to anyone other than Sayler's attorneys; and (c) directly or indirectly soliciting any customer subject to the agreements attached as Exhibits B and C to the Complaint;

(3) Notwithstanding the foregoing, nothing contained in this Order shall prohibit Sayler from (a) returning phone calls to, responding to emails from, or attending meetings requested by Morgan Stanley customers who initiate contact with Sayler; or (b) processing account transfer requests from Morgan Stanley customers or doing business with Morgan Stanley customers after their accounts transfer. Sayler shall keep a contemporaneous log of inquiries from Morgan Stanley customers to which he is

responding (indicating client name, date of request, and whether such inquiry was made in person, by phone, by letter, or by email) and shall make such log available to Morgan Stanley's attorneys on the first day of each month;

(4) Nothing set forth above shall be construed as authorizing or permitting Sayler to solicit Morgan Stanley customers or otherwise violate this Order (regardless of who initiates the contact). To the extent that Sayler responds to inquires by Morgan Stanley customers, as set forth above, and the Morgan Stanley customer ultimately transfers his/her account to Sayler (and his new employer), this Order does not bar Morgan Stanley from seeking damages with respect to any prior solicitation that led to such customer inquiry or challenging the circumstances of such inquiry.

Pursuant to Federal Rule of Civil Procedure 65(c) and the Local Rules for the District of Oregon, Morgan Stanley is Ordered to provide a bond in the amount of $25,000.00 with the Court on or before July 19, 2019 and shall be allowed to act as its own surety for such bond. Consistent with Local Rule 67-1, all monies paid into the Court must be by cash, or by cashier's check, or certified check made payable to Clerk, U.S. District Court. The Clerk of Court will deposit the monies into the Court's registry fund, which is held by the Treasurer of the United States. Prior the submission of the bond, Morgan Stanley is directed to file a Motion to Deposit Funds, accompanied by a proposed Order to Deposit Funds (Treasury Registry), consistent with the requirements of Local Rule 67-2. Sample Orders to Deposit Funds are available on the Court's website.

It is further Ordered that Morgan Stanley serve Defendant with a copy of this Order and provide proof of service to the Court.

On July 19, 2019, at 2:00 p.m., the parties are directed to appear at a preliminary injunction hearing at the United States District Courthouse in Eugene, Oregon, to determine whether this temporary restraining order should continue as a preliminary injunction. The parties may appear by telephone at the preliminary injunction hearing and should contact Courtroom Deputy Cathy Kramer for details.

It is so ORDERED and DATED this 10th day of July, 2019 at 3:10 p.m.

_____
ANN AIKEN
United States District Judge